**TELEFLEX INDUSTRIAL PRODUCTS, INC., Appellant in No. 17,660,**

v.

**BRUNSWICK CORPORATION, Appellant in No. 17,661.**

Nos. 17660, 17661.

United States Court of Appeals Third Circuit.

Argued April 11, 1969.

Decided May 1, 1969.

See also D. C., 294 F.Supp. 256.

Matthew J. Broderick, Dechert, Price & Rhoads, Philadelphia, Pa. (Richard R. Rulon, Philadelphia, Pa., on the brief), for Teleflex.

Edward W. Mullinix, Philadelphia, Pa. (Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Erwin C. Heininger, Chicago, Ill., on the brief), for Brunswick.

Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The plaintiff Teleflex Industrial Products, Inc. manufactures and sells customized instrument panels and instruments which monitor and control the operation of propulsion systems (engines) on marine pleasure craft.

The Kiekhaefer Mercury Division of the defendant Brunswick Corporation produces and sells inboard-outboard marine propulsion systems and instrument panels and instruments which monitor and control their operation. Kiekhaefer is the largest and dominant manufacturer and seller of inboard-outboard engines in the United States and controls at least 50 percent of the inboard-outboard engine market.

Plaintiff filed an action in the court below charging that Brunswick's policy of conditioning the sale of its engines upon purchase of its instrumentation system constitutes a "tie-in" arrangement in violation of the federal antitrust laws which has resulted in irreparable injury to plaintiff's business.

In justification of its policy, defendant, at a four-day hearing on plaintiff's motion for a preliminary injunction, contended that its policy of selling its instrument panels with its engines as a "package" was based on the technological interdependence between the engines and the monitoring and control panels and instruments.

Although the District Court, 293 F. Supp. 106, found that plaintiff had made a showing of "irreparable harm", it denied its motion for a preliminary injunction. It further found "the defendant has preliminarily established a legitimate basis for continuing its tie-in sales" by its evidence of "technological interdependence" "between the efficient operation of its engine, and the instruments which are required to monitor that operation" and by its showing "that its instrument panel and ancillary harnessing equipment is of a higher quality than the plaintiff's", and "that primarily *its* good will (and customer satisfaction) would suffer as the result of a malfunctioning instrument which ultimately damages [its] MerCruiser engine." The District Court concluded that plaintiff had not shown "a substantial probability (or likelihood) that it will ultimately prevail at trial."

In denying the preliminary injunction the District Court imposed upon the defendant these three conditions: (1) "defendant must take back for full credit or refund, all unused Kiekhaefer Mercury instrument panels," previously furnished to boat builders; (2) "the defendant is enjoined from foreclosing and otherwise preventing the plaintiff from participating in 'non critical' instrument and equipment sales to OEM [original equipment manufacturers] accounts", and, "Pending ultimate resolution of this action, the defendant is hereby required to supply its 'critical' instruments to the plaintiff * * * at a competitive price for inclusion in Teleflex customized instrument panels, if the plaintiff so desires"; and (3) "the defendant is required forthwith to promulgate to the plaintiff and other instrument panel manufacturers, the minimum acceptable standards and specifications for all instruments and instrument panels, to permit qualification of plaintiff's products with appropriate certification by defendant's engineering department, ' * * * as having design characteristics suitable for use on the [MerCruiser] stern-drive product' set forth in the MerCruiser Stern Drive Power Package Warranty."

On defendant's motion for a stay of the "conditions" pending its appeal from their imposition, the District Court stayed performance of the first condition but refused to stay the second and third conditions.

Plaintiff has appealed from the denial of its motion for a preliminary injunction. It contends that the District Court abused its discretion in denying its motion in the light of its proof at the hearing and applicable legal principles.

Defendant has cross-appealed. It contends that the District Court "in fact granted a preliminary injunction" against it via the three imposed "conditions" and that it abused its discretion in doing so under the evidence. It further urges that the District Court failed to comply with the mandatory requirement of a bond imposed by Rule 65(c) F.R.Civ.P.

We are of the opinion that the interests of justice and judicial economy

would be most effectively served by remand of the cause to the District Court with directions to proceed *forthwith* to final hearing and decision.

Accordingly, the Order of the District Court denying the plaintiff's motion for a preliminary injunction and imposing the foregoing recited "conditions", will be vacated and the cause remanded with directions to proceed in accordance with this Opinion.